**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Case No. 10-48434 |
| Pet Crossing Animal Hospital & Dental Clinic, LLC | Chapter 11 |
| Debtor. | |

**NOTICE OF HEARING AND MOTION FOR AN ORDER
GRANTING EXPEDITED RELIEF AND APPROVING THE STIPULATION
WITH COMMUNITY PRIDE BANK FOR USE OF CASH COLLATERAL**

TO: ALL PARTIES IN INTEREST SPECIFIED IN LOCAL RULE 9103-3(a)(2).

1. Pet Crossing Animal Hospital & Dental Clinic, LLC ("Debtor"), by and through its undersigned attorneys, moves the court for the relief requested and gives notice of hearing herewith.

2. The court will hold a preliminary hearing on this Motion at **2:00 p.m. on November 17, 2010**, before the Honorable Robert J. Kressel, Courtroom 8 West, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415 (the "Preliminary Hearing").  Local Rule 9006-1 provides deadlines for responses to this Motion.  However, given the expedited nature of the relief sought, movant does not object to written responses being served and filed no less than two hours prior to the hearing.  **Unless a response opposing the Motion is timely filed, the Court may grant the preliminary relief requested in the Motion without a hearing.**

3. The court will hold a final hearing on this Motion at **2:30 p.m. on December 1, 2010**, before the Honorable Robert J. Kressel, Courtroom 8 West, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415 (the "Final Hearing").

4. Pursuant to Local Rule 9006-1(c), any response related to issues to be considered at the Final Hearing must be filed and delivered not later than five days before the time set for the Final

Hearing (excluding Saturdays, Sundays, and holidays). **Unless a response opposing the Motion is timely filed, the Court may grant the relief requested in the Motion without a hearing.**

5. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. Venue of this case and the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding. The petition commencing this Chapter 11 case was filed on November 12, 2010 (the "Petition Date"). The case is now pending in this Court.

6. The Motion arises under 11 U.S.C. §§ 363, Federal Rules of Bankruptcy Procedure 4001 and 9019, and Local Rule 4001-2 . The Motion is filed under Bankruptcy Rule 9014 and Local Rules 9013-1 through 9013-3.

7. Debtor has been in negotiations with Community Pride Bank (the "Bank") and believes that it ostensibly has an agreement for the use of cash collateral. A copy of the current version of this stipulation is attached as **Exhibit A**. Although the agreement has not been finalized, Debtor is confident that it will have a final agreement with the Bank that will not be materially different from Exhibit A prior to the hearing. Debtor intends to file a copy of any such document with the Court as soon as it is fully executed.

8. By this Motion, Debtor requests that the Court enter an order, a proposed form of which is attached hereto, (the "Order");

    a. For a preliminary and final order approving Debtor's stipulation with Community Pride Bank, for the use of cash collateral as defined in 11 U.S.C. § 363 in the Bankruptcy Code and in the manner and amounts as set forth in therein;

    b. For an order granting Debtor the right to a preliminary hearing on the Stipulation for the use of cash collateral on an expedited basis;

      c. Granting such other further protections as the court deems reasonable, so as to adequately protect the secured creditors' position, and allow the Debtor to use cash collateral in the ordinary course of business; and

      d. For such other and further relief as the court deems just and equitable.

9. Pursuant to Local Rule 9013-2(c), Debtor states that should testimony be necessary, Debtor reserves the right to call the following witnesses:

      a. Steve Barghusen, President of Debtor;

      b. Other employees or agents of Debtor as appropriate; and

      c. Other witnesses as deemed necessary.

10. This Motion is accompanied by a memorandum of law, proposed order, and proof of service pursuant to Local Rule 9013-2(a).

WHEREFORE, Debtor respectfully requests that this Court enter an order

      a. substantially in the form of the proposed order attached hereto;

      b. granting such other and additional relief as the Court deems just and appropriate.

Respectfully submitted,

Date: November 12, 2010

*/e/ Thomas J. Flynn*
Thomas J. Flynn (30570)
L. Kathleen Harrell-Latham (388782)
Larkin Hoffman Daly & Lindgren, Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Ave. South
Minneapolis, MN 55431
952-835-3800
tflynn@larkinhoffman.com
klatham@larkinhoffman.com
Attorneys for Debtor

1330036.1

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Bankruptcy. No. 10-48434 |
| Pet Crossing Animal Hospital & Dental Clinic, LLC | Chapter 11 Case |
| Debtor | |

**STIPULATION WITH COMMUNITY PRIDE BANK**
**FOR USE OF CASH COLLATERAL**

This Stipulation (the "Cash Collateral Stipulation") is made this 12th day of November, 2010 by and between Pet Crossing Animal Hospital & Dental Clinic, LLC ("Debtor") and Community Pride Bank (the "Bank"), a secured lender, in connection with the following:

**RECITALS**

A.   On or about November 12, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for Chapter 11 relief under Title 11 of the United States Code (the "Bankruptcy Code").  Debtor has maintained possession of its assets, subject to liens and encumbrances, and has operated as a debtor in possession since that date.

B.   Debtor is a limited liability company doing business in Bloomington, Minnesota. Debtor's principal business is providing veterinary care and services.

C.   In September 2010, Debtor, for value received, entered into a security agreement and related documents with the Bank, pursuant to which Debtor pledged, as security for the repayment of the amounts borrowed under the Security Agreement, certain personal property as defined in that Agreement (collectively "Collateral").

D.   The Bank filed a UCC-1 Financing Statement with the Minnesota Secretary of State as Financing Statement No. 201021496723 on September 16, 2010.

1

E. The Bank holds a blanket lien upon Debtor's assets including cash collateral within the meaning of Section 363(a) of the Bankruptcy Code.

F. Debtor intends to continue to conduct business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

G. Debtor has determined that the ability of Debtor to maximize the value of its assets for the benefit of its creditors is dependent upon Debtor's use of the Cash Collateral to fund its continued operations.

H. The terms of the proposed use of the Cash Collateral are fair and reasonable, are ordinary and appropriate for the Debtor, reflect the Debtor's prudent exercise of its business judgment consistent with its fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

I. The Debtor has sole expertise and authority to make decisions regarding the operation of the Debtor's business. Any monitoring by the Bank of the Debtor's affairs hereunder is strictly limited to the Debtor's financial affairs.

## STIPULATION

**NOW, THEREFORE**, for and in consideration of the foregoing recitals and the promises, releases and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the undersigned do hereby agree as follows:

1. The recitals set for above are true and correct and are hereby incorporated into this Stipulation.

2. Debtor is authorized to execute, deliver, and perform, and do all acts that are required or contemplated by or in connection with this Stipulation.

3. The Bank has authorized Debtor to use the Cash Collateral in the ordinary course of business. Debtor is authorized to use the Cash Collateral only in strict accordance with the terms of this Stipulation. Debtor shall continue its operations and sales in the ordinary course of business and shall not use Cash Collateral outside of the ordinary course of business.

4. To adequately protect the Bank for the use of its Cash Collateral, Debtor hereby grants the Bank a valid, binding, enforceable, and duly perfected replacement security interests in and liens upon all currently owned or hereafter acquired property and assets of the Debtor of the kind or nature to which the Bank held a security interest in pre-petition collateral, whether real or personal, tangible or intangible, wherever located, now owned or hereafter acquired or arising, and all proceeds, products, rents and profits thereof to the same extent, priority and validity that the same existed as of the Petition Date, to secure the amount of the Bank's claims equal to the aggregate diminution, if any, subsequent to the Petition Date, in value of Bank's interest in the pre-petition Collateral, whether by depreciation, use, sale, or loss or otherwise; but only to the extent allowed under the Bankruptcy Code. Notwithstanding the foregoing, the Bank shall not obtain liens in any actions available to the Debtor under Chapter 5 of the Bankruptcy Code. (the "Replacement Liens").

5. The Replacement Liens granted to the Bank are immediately effective and perfected as of the date of this Order and without the necessity of the execution of additional documents. The Bank may, at its option, file additional UCC-1 financing statements or take such other actions they deem appropriate to evidence and perfect the Replacement Lien. The Bank shall be given relief from stay effective upon approval of this Stipulation for the limited purpose of filing such UCC's or taking the perfection steps referenced in this Paragraph. To the extent the adequate protection replacement lien granted by Debtor is not sufficient to adequately protect

3

the interest of the Bank, the Bank shall have the right to make a claim of a type prescribed in bankruptcy as provided under Section 507(b) with respect to the use of cash collateral in which Debtor has an interest.

6. As further adequate protection, Debtor shall maintain full coverage insurance on any collateral of the Bank while it remains in Debtor's possession. Debtor shall provide the Bank with proof of insurance upon request. Debtor shall timely make all premium payments required to maintain said insurance. Debtor will provide notice of any cancellation or modification of such insurance policies to the Bank within thirty days.

7. Debtor stipulates and agrees that it shall not seek to place any new liens on the Bank's Collateral except as permitted by Court Order.

8. The Debtor shall comply with the provisions of the Bankruptcy Code and the national and local rules promulgated thereunder.

9. Unless otherwise allowed by the Court, and subject to approval by the Bankruptcy Court on an interim and final basis no cost or expense which is incurred by the Debtor or any other person in connection with or on account of the preservation or disposition of the Collateral, or which otherwise could be chargeable to the Bank, the Cash Collateral or the Collateral, by the Debtor or any other person pursuant to Bankruptcy Code section 506(c) or otherwise, shall be chargeable to the Bank, the Cash Collateral, or the Collateral.

10. Unless otherwise ordered by the Court, or the Bank shall otherwise consent in writing, the right to use Cash Collateral under this Cash Collateral Stipulation shall expire (the "Termination Date") on the earlier of (i) the date of confirmation of a plan by Debtor, (ii) the appointment of a trustee for Debtor pursuant to Section 1104 of the Bankruptcy Code, or (iii) conversion of Debtor's Chapter 11 case to a Chapter 7 case or dismissal of Debtor's case.

11. Unless specifically waived in writing by the Bank (which waiver will not be implied from any action, inaction, course of conduct or acquiescence), the Debtor's right and authority to use Cash Collateral will terminate if remaining uncured for ten days after notice to Debtor and its counsel, upon the occurrence of any of the following (each, a "Default"):

(i) Material breach by the Debtor of any other term or obligation under this Stipulation;

(ii) conversion of Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code;

(iii) the appointment of a trustee;

(iv) the dismissal of Debtor's Chapter 11 case;

(v) the entry of an order modifying, reversing, revoking, staying rescinding, vacating or amending this Stipulation without the prior written consent of the Bank;

(vi) entry of an order by the Bankruptcy Court approving the sale of substantially all of Debtor's assets pursuant to 11 USC § 363.

12. Upon the occurrence of an Event of Default set forth above, the Bank shall give Debtor notice of such Event of Default and ten (10) business days to cure such Event of Default. In addition to the Bank's other remedies under applicable law, upon the expiration of this Stipulation, or upon the occurrence of an Event of Default and expiration of the applicable cure period Debtor's right to use Cash Collateral shall immediately and automatically terminate. The Bank and the Debtor each reserve all of their respective rights, at law or in equity, including all rights under the Bankruptcy Code. Without limiting the generality of the foregoing, Debtor reserves the right to, *inter alia*, make a motion for the continued use of cash collateral on an

5

expedited basis, assert that no Event of Default has occurred, or if it has, that the Bank remains, or can otherwise be made to be, adequately protected.

13. Absent default and failure to cure, this authorization will expire only upon the occurrence of an Event of Default, unless otherwise modified by written consent of the Debtor and the Bank or further order of the Bankruptcy Court allowing the continued use of cash collateral.

14. Debtor shall promptly provide the Bank, upon request, such financial information and/or reports as reasonably requested by the Bank and shall allow the Bank, upon request, to review its books and records.

15. Debtor agrees that, during the term of this Stipulation, Debtor will pay all of the following post-petition expenses on a current basis: payroll-related taxes and insurance required above.

16. The terms of this Stipulation shall be binding upon any superseding debtors in possession, examiners or trustees in this chapter 11 case, any reorganized and post-confirmation debtor, the debtor in possession, a receiver or similar custodian or caretaker appointed in any subsequent state and/or federal proceeding, and, upon a chapter 7 trustee following conversion of these cases to chapter 7 of the Bankruptcy Code.

17. Nothing in this document shall cause the Bank to be deemed: (i) to be in control of the operations of the Debtor or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of Debtor (as such terms, or any similar terms, are used in the United States Comprehensive, Environmental Response, Compensation and Liability Act, as amended, or any similar Federal or State environmental statutes or laws); or (ii) to be a "person required to collect, truthfully account for, and pay over" any tax obligations of the

6

Debtor (as such terms, or any similar terms, are used in sections 6671 and 6672 of the Internal Revenue Code, as amended, or any similar Federal, State, or local taxation statutes or laws).

18.     Any notice and/or report required to be sent hereunder shall be deemed given if provided via telecopier, receipt confirmed; overnight delivery by a commercial carrier; or hand delivered, and addressed as follows:

    (a)     If to the Bank:

        John Post
        1441 Bunker Lake Blvd NE
        Ham Lake, MN 55304
        President of Community Pride Bank

        AND

        Steven Mackey
        Law Office of Steven Mackey
        1054 Bucher Avenue
        Shoreview, MN 55126
        Attorney for Community Pride Bank

    (b)     If to the Debtor:

        Thomas J. Flynn, Esq.
        1500 Wells Fargo Plaza
        7900 Xerxes Avenue South
        Minneapolis, MN  55431
        Attorney for the Debtor

19.     If any of the provisions of this Stipulation are hereafter modified, vacated or stayed, such modification, vacation or stay shall not affect the validity of any obligation, indebtedness or liability incurred by Debtor to the Bank from the Petition Date through the effective date of such modification, vacation or stay, or the validity or enforceability of any security interest or priority authorized thereunder.

20.     The parties hereto consent and agree to the entry of any order by the Bankruptcy Court  (a) authorizing Debtor to enter into this Stipulation; (b) approving this Stipulation; (c) granting the Bank a perfected lien upon and security interest in the post-petition collateral with

the priority set forth herein; (d) granting the Bank adequate protection for Debtor's use of the Bank's collateral as set forth herein; and (f) authorizing and directing Debtor to execute such other documents, instruments or agreements and to take such other actions reasonably required to effect the interest and purposes of this First Amended Stipulation. Upon entry of the authorizing order, this First Amended Stipulation shall have the same effect as if included in such Order.

**IN WITNESS WHEREOF,** COMMUNITY PRIDE BANK AND PET CROSSING ANIMAL HOSPITAL & DENTAL CLINIC, LLC, by their duly authorized representatives, have executed this Stipulation.

| COMMUNITY PRIDE BANK | PET CROSSING ANIMAL HOSPITAL & DENTAL CLINIC, LLC |
|---|---|
| Its: _____ | Its: Treasurer _____ |
| Date: _____ | Date: 11/12/10 |

1329979.1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Pet Crossing Animal Hospital & Dental Clinic, LLC

Debtor.

Case No. 10-48434

Chapter 11

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER GRANTING EXPEDITED RELIEF AND APPROVING THE STIPULATION WITH COMMUNITY PRIDE BANK FOR USE OF CASH COLLATERAL**

Debtor submits this memorandum of law in support of its Motion to Approve Stipulation with Community Pride Bank for Use of Cash Collateral. The Stipulation reflects the negotiated agreement as to the use of cash collateral and Debtor believes that it will be finalized between the parties prior to the hearing. The Court should approve this stipulation as it avoids the need for litigation thereby conserving for the benefit of creditors such costs. Thus, this Court should enter an order approving the Stipulation.

**ARGUMENT**

Under Fed. R. Bankr. P. 9019, the Bankruptcy Court, on motion by the debtor and after notice and a hearing, may approve a settlement or compromise. The decision to approve a settlement or compromise under Rule 9019 is committed to the discretion of the Bankruptcy Court.[1] Settlements are generally encouraged in bankruptcy because debtors and creditors are able to avoid the expense and burden associated with litigation.[2] However, the Bankruptcy Court must make an "informed, independent judgment" on the settlement after the Court has

---

[1] *Hancock-Nelson Mercantile Co., Inc. v. Foothill Capital Corp. (In re Hancock-Nelson Mercantile Co., Inc.),* 95 B.R. 982, 990 (Bankr. D. Minn. 1989); *In re Flight Transportation Corp. Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir. 1984), cert. den., 469 U.S. 1207 (1985).

[2] *In re Walsh Construction, Inc.,* 669 F.2d 1325, 1328 (9th Cir. 1982).

thoroughly reviewed relevant parts of the record.[3]

In order to approve a settlement or compromise, the court must determine whether the proposed settlement is in the best interest of the Debtor's estate.[4] In exercising this discretion, however, the Bankruptcy Court must consider several relevant factors which were first recognized by the Eighth Circuit in *Drexel v. Loomis*, 35 F.2d 800 (8th Circ. 1929).[5] In determining whether approval is appropriate, courts consider the following factors: (i) the probability of success in the litigation; (ii) the difficulties in collection of any judgment that might be obtained; (iii) the complexities of any litigation and the expense; (iv) the paramount interest of creditors.[6]

The final stipulation with the Bank permitting Debtor to use the Cash Collateral should be approved because it is in the best interests of the estate and creditors. The Stipulation appropriately accounts for the merits of both the Debtor's and Bank's rights. The Bank is oversecured and this Stipulation resolves any potential dispute as to the use of cash collateral in an expeditious and economical manner, and without the need for litigation and the attendant costs and risks. Debtor's use of the cash collateral is critical to its operations and is necessary for Debtor's effective reorganization.

## **CONCLUSION**

For the foregoing reasons, Debtor respectfully requests the Court enter an order approving the stipulation with the Bank.

---

[3] *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 and 434 (1968), *rehrg den.*, 391 U.S. 909 (1969) (A*TMT Trailer Ferry*@); *In re Hancock-Nelson Mercantile Co., Inc.*, 95 Bankr. at 990.

[4] *In re Hanson Industries, Inc.,* 88 B.R. 942, 945 (Bankr. D. Minn. 1988).

[5] *See also In re Lakeland Development Corp*, 48 Bankr. 85 (Bankr. D. Minn. 1985), *aff=d* 782 F.2d 1048 (8th Cir. 1985), *cert. den.*, 476 U.S. 1130 (1986); *In re Hanson Industries, Inc.*, 88 Bankr. 942 (Bankr. D. Minn. 1988); *In re Hancock-Nelson Mercantile Co., Inc.*, 95 Bankr. 982 (Bankr. D. Minn. 1989), affd in Memorandum Opinion and Order, CIV 4-88-740 (D. Minn. June 28, 1989).

[6] *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929).

                                              Respectfully submitted,

Date: November 12, 2010                  */e/ Thomas J. Flynn*
                                              Thomas J. Flynn (30570)
                                              L. Kathleen Harrell-Latham (388782)
                                              Larkin Hoffman Daly & Lindgren, Ltd.
                                              1500 Wells Fargo Plaza
                                              7900 Xerxes Ave. South
                                              Minneapolis, MN 55431
                                              952-835-3800
                                              tflynn@larkinhoffman.com
                                              klatham@larkinhoffman.com
                                              Attorneys for Debtor

1330036.1

## VERIFICATION

I, Steve Barghusen, Treasurer of Debtor, the movant named in the foregoing documents, declare under penalty of perjury that I have read the following documents:

1. Notice of Hearing and Motion for an Order Granting Expedited Relief and Approving the Stipulation with Community Pride Bank for Use of Cash Collateral;

2. Memorandum of Law In Support of Motion for an Order Granting Expedited Relief and Approving the Stipulation with Community Pride Bank for Use of Cash Collateral; and

3. Any related attachments or exhibits.

and that the facts contained therein are true and correct to the best of my knowledge, information and belief.

Dated: 11/12/10

Steve Barghusen

1330036.1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | Case No. 10-48434 |
| Pet Crossing Animal Hospital & Dental Clinic, LLC | Chapter 11 |
| Debtor. | |

---

**CERTIFICATE OF SERVICE**

---

Under penalty of perjury, I declare that on November 12, 2010, the following documents were served upon the parties listed on the attached service list in the manner indicated therein:

1. Notice of Hearing and Motion for an Order Granting Expedited Relief and Approving the Stipulation with Community Pride Bank for Use of Cash Collateral;

2. Stipulation;

3. Memorandum of Law in Support of Motion for an Order Granting Expedited Relief and Approving the Stipulation with Community Pride Bank for Use of Cash Collateral; ;

4. Verification;

5. Certificate of Service; and

6. Proposed Order.


Date: November 12, 2010         */e/ Thomas J. Flynn*
                                Thomas J. Flynn (30570)
                                Larkin Hoffman Daly & Lindgren, Ltd.
                                1500 Wells Fargo Plaza
                                7900 Xerxes Ave. South
                                Minneapolis, MN 55431
                                952-835-3800
                                tflynn@larkinhoffman.com
                                klatham@larkinhoffman.com
                                Attorneys for Debtor

1330036.1

Pet Crossing Animal Hospital & Dental Clinic, LLC
Chapter 11 Bky Case No. 10-48434
CREDITOR MATRIX

American Express
PO Box 981535
El Paso, TX 79998
Fax: 623-444-3001
**VIA FACSIMILE**

Antech Diagnostics
17672-A Cowan Avenue
#200
Irvine, CA 92614
Fax: 949-752-4934
**VIA FACSIMILE**

Bank of America
PO Box 15026
Wilmington, DE 19850
Fax: 302-458-3100
**VIA FACSIMILE**

Butler Schein Animal Health
36527 Treasury Center
Chicago, IL 60694
Fax: 516-622-2942
**VIA FACSIMILE**

Capital One
PO Box 30285
Salt Lake City, UT 84130
Fax: 888-259-3021
**VIA FACSIMILE**

Centerpoint Energy
PO Box 1144
Minneapolis, MN 55440
Fax: 612-321-5596
**VIA FACSIMILE**

Community Pride Bank
Attn: John Post, President
1441 Bunker Lake Blvd. NE
Ham Lake, MN 55304
Fax: 763-862-6600
**VIA FACSIMILE**

DeLage Landen
PO Box 41607
Philadelphia, PA 19101
Fax: 610-386-5778
**VIA FACSIMILE**

General Pet Supply
12155 Nicollet Avenue
Burnsville, MN 55337
Fax: 952-890-5800
**VIA FACSIMILE**

Highland Capital
PO Box 1224
Little Falls, NJ 07424
Fax: 877-526-4422
**VIA FACSIMILE**

Idexx
One Idexx Drive
Westbrook, ME 04092
Fax: 207-556-5155
**VIA FACSIMILE**

Jersild-Destefano, Inc.
0 S. 181 Wynwood Road
Winfield, IL 60190
Fax: 630-208-7672
**VIA FACSIMILE**

Kate Knutson
5308 River Bluff Curve
Bloomington, MN 55437
**VIA U.S. MAIL**

Knutson Barghusen Enterprises
10861 Bloomington Ferry Road
Bloomington, MN 55438
**VIA U.S. MAIL**

Marion Knutson Living Trust
8875 Schroeder Road
Rapid City, SD 57702
**VIA U.S. MAIL**

Veterinary Hospitals Association
370 Bridgepoint Way
South St. Paul, MN 55075
Fax: 651-451-6788
**VIA FACSIMILE**

1330036.1

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Case No. 10-48434 |
| Pet Crossing Animal Hospital & Dental Clinic, LLC | Chapter 11 |
| Debtor. | |

**INTERIM ORDER APPROVING STIPULATION FOR CASH COLLATERAL USE**

The debtor's motion for an order granting expedited relief and approving the stipulation with Community Pride Bank for use of cash collateral came on for a preliminary hearing before the court on November 17, 2010 at 2:00 p.m.. Based on the arguments of counsel, all of the files, records, and proceedings herein, the court being fully advised in the premises and accordingly:

**IT IS ORDERED:**

1. The request for expedited relief is granted.

2. The stipulation with Community Pride Bank for the debtor's use of cash collateral is approved in its entirety as of the petition date through the date of the final hearing on this motion.

3. The debtor is hereby authorized, but not directed, to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the relief as described and approved in this order.

4. Entry of this order is without prejudice to the rights of debtor, including, but not limited to, the right to seek further, other, or different relief under the Bankruptcy Code.

5. This court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

6. This order is effective immediately upon its entry.

Dated:

_____
Robert J. Kressel
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 10-48434 |
| Pet Crossing Animal Hospital & Dental Clinic, LLC | Chapter 11 |
| Debtor. | |

## FINAL ORDER APPROVING STIPULATION FOR CASH COLLATERAL USE

The debtor's motion for an order granting expedited relief and approving the stipulation with Community Pride Bank for use of cash collateral; came before the court for final hearing.. Based on the arguments of counsel, all of the files, records, and proceedings herein, the court being fully advised in the premises and accordingly:

**IT IS ORDERED:**

1. The stipulation with Community Pride Bank for the debtor's use of cash collateral is approved in its entirety.

2. The debtor is hereby authorized, but not directed, to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the relief as described and approved in this order.

3. Entry of this order is without prejudice to the rights of the debtor, including, but not limited to, the right to seek further, other, or different relief under the Bankruptcy Code.

4. This court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

5. This order is effective immediately upon its entry.

Dated: _____

Robert J. Kressel
United States Bankruptcy Judge

1330036.1